UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 29, 2019

LETTER TO COUNSEL

      RE:    *Ginger N. v. Commissioner, Social Security Administration*;
               Civil No. SAG-18-1830

Dear Counsel:

On June 20, 2018, Plaintiff Ginger N. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 12, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a prior denial of benefits, Plaintiff filed the instant claims for benefits on February 13, 2012, alleging an onset date of October 1, 2009 ("File #1"). Tr. 263-78. Her claims were denied initially and on reconsideration. Tr. 188-95, 204-07. A hearing was held on March 6, 2014, before an Administrative Law Judge ("ALJ"). Tr. 51-88. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 8-50. The Appeals Council declined review. Tr. 1-6. Plaintiff then appealed the decision to this Court, and the case was remanded for further consideration. Tr. 2806-14. An ALJ held a second hearing on December 12, 2016. Tr. 2715-47. On February 6, 2017, the ALJ issued an opinion again denying benefits. Tr. 2684-702. The Appeals Council again declined review, Tr. 2674-80, making the ALJ's 2017 decision the final, reviewable decision of the SSA as to File #1. After the ALJ's denial of benefits on File #1, while Plaintiff appealed the decision, she also filed additional claims for benefits in September, 2015 ("File #2").

In the ALJ's 2017 opinion on File #1, the ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "degenerative disc disease of the cervical and lumbar spine; asthma; major depressive disorder; and generalized anxiety disorder." Tr. 2688. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she can have occasional

>  exposure to extreme cold, extreme heat, wetness, humidity, vibration, fumes, odors, dust, gas, poor ventilation, and hazards, and she can perform simple, unskilled tasks, with no fast pace or strict production requirements, and occasional changes in the work setting.

Tr. 2690. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy. Tr. 2700-01. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 2701-02.

Plaintiff raises three primary arguments on appeal: (1) that the ALJ failed to merge File #1 and File #2 for consideration, as directed by the Appeals Council; (2) that the ALJ failed to evaluate or explain the weight accorded to opinions in the SSA's records pertaining to the relevant time frame; and (3) that the ALJ assigned inadequate weight to the opinions of some of her treating medical sources. ECF 12-1 at 10-18. I agree that the ALJ failed to assign weight to all of the relevant medical opinions, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff's first argument is that the ALJ's failure to merge her two duplicate claims files warrants remand. ECF 12-1 at 10-12. The Appeals Council's remand order expressly directed the ALJ to "consolidate the claim files, create a single electronic record and issue a new decision on the consolidated claims." Tr. 2813. At the 2017 hearing on File #1, after remand, Plaintiff's attorney specifically informed the ALJ that the claims had been merged, but that the mental RFC and physical RFC analyses performed at the reconsideration level by the State agency physicians for File #2 were missing from the transcript. Tr. 2718. Instead of investigating whether the claims and files had been properly merged, the ALJ stated, "I do not have that in the, in the electronic file at all, so obviously it's not something I'll consider because it's not before me, it's not part of this record." *Id.*

Federal courts have split on the issue of whether an ALJ's failure to comply with an order of the Appeals Council, standing alone, justifies remand, or whether federal courts are limited to considering whether the ALJ's opinion is supported by substantial evidence. *See Norris v. Berryhill*, Case No. 6:16-cv-2040-Orl-37JRK, 2018 WL 798221, at *10 (M.D. Fla. Feb. 5, 2018), *adopted by* 2018 WL 814702 (Feb. 9, 2018) (remanding the case for failure to consolidate cases as directed by the Appeals Council where "the second ALJ was under the mistaken impression both during the hearing and in drafting the Decision that only the [first] applications were at issue"); *Hardister v. Berryhill*, Cause No. 1:16-cv-2575-WTL-DML, 2018 WL 636001, at *3 (S.D. Ind. Jan. 31, 2018) ("Despite being given notice of the deficiency, the ALJ failed to fully comply with the Appeals Council order. This failure constitutes error that requires remand."); *but see Spurlock v. Berryhill*, Case No.: 3:17-cv-02240, 2018 WL 1956119, at *11 (S.D. W. Va. Apr. 2, 2018), *adopted by* 2018 WL 1954835 ("Several district courts in this circuit have held that an Appeals Council's remand order is merely an intermediate agency action and not the final decision of the Commissioner; such courts have emphasized that the court's review is limited to whether

the ALJ's decision is supported by substantial evidence, or was reached through the application of an incorrect legal standard.") The United States Court of Appeals for the Fourth Circuit has not addressed the issue. In this case, I need not determine whether the failure to comply with the Appeals Council order alone warrants remand, because, as noted below, the failure to merge the two files resulted in the ALJ failing to consider relevant medical opinion evidence.

Plaintiff's second argument, then, justifies remand of her claims. Plaintiff contends that the ALJ failed to evaluate or explain the weight accorded to the RFC assessments rendered by State agency physicians in the adjudication of File #2. The regulations provide that the SSA "will evaluate every medical opinion we receive" using a list of relevant factors to conduct the evaluation. 20 C.F.R. §§ 404.1527(c); 416.927(c). Longstanding case law requires an ALJ to consider and assign weight to every medical opinion. As the Fourth Circuit has held:

> We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence. *See, e.g.*, *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979); *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1977). As we said in *Arnold*:
>
>> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."
>
> 567 F.2d at 259. Neither the ALJ nor the Appeals Council indicated the weight given to the various medical reports submitted by the appellant. We therefore remand to the district court with instructions further to remand the case to the Secretary with directions to the Secretary to reconsider the case and to indicate explicitly the weight accorded to the various medical reports in the record.

*Gordon v. Schweiker*, 725 F.2d 231, 235-36 (4th Cir. 1984). In this case, the September, 2015 opinions from Dr. Hakkarinen and Dr. Dinwoodie containing their assessments of the evidence in File #2 were apparently part of the record in File #1 at the time of Plaintiff's hearing, Tr. 2718 (mentioning that only the reconsideration level opinions were not part of the record), but were not expressly considered or referenced by the ALJ in his February, 2017 opinion. Because the ALJ did not make any assignment of weight or any formal evaluation of that relevant medical evidence regarding Plaintiff's condition, this Court is unable to determine whether the ALJ's findings are supported by substantial evidence.

The Commissioner argues that the failure to consider the two RFC assessments is harmless.[1] ECF 15-1. I concur that the failure to consider the physical RFC assessment from Dr. Hakkarinen was harmless, because Dr. Hakkarinen's proposed physical limitations are less restrictive than those eventually found by the ALJ. *Compare* Tr. 2826-27 (Dr. Hakkarinen's assessment allowing a restricted range of light work) *with* Tr. 2690 (ALJ's RFC assessment providing for a restricted range of sedentary work). The failure to consider Dr. Dinwoodie's 2015 mental RFC, however, cannot be described as harmless error. Dr. Dinwoodie found that Plaintiff was "moderately limited" in various areas, including her ability to "maintain attention and concentration for extended periods." Tr. 2828. Dr. Dinwoodie also found Plaintiff to be "moderately limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." *Id.* Somewhat inconsistently, immediately thereafter, Dr. Dinwoodie also asserted that Plaintiff "is capable of sustaining concentration for task completion and completing a full day and week." *Id.* Ultimately, Dr. Dinwoodie concluded that Plaintiff "is able to understand, remember and carry out simple one and two step instructions and procedures." Tr. 2829. The RFC assessment found by the ALJ, however, contains no such restriction. Tr. 2690. Additionally, Dr. Dinwoodie asserted that Plaintiff "is able to maintain concentration, persistence and pace for periods of two hours," Tr. 2829, which describes a normal workday and accordingly does not address Plaintiff's "moderate limitation" in "maintaining attention and concentration for extended periods."

Dr. Dinwoodie's opinion, then, raises issues that were not mentioned in the ALJ's analysis. Ultimately, without any explanation as to how the ALJ evaluated Dr. Dinwoodie's opinion regarding Plaintiff's functional capacity, I cannot determine whether substantial evidence supported his conclusion. Remand is therefore warranted, to permit the Commissioner to make a full and complete evaluation of all of the evidence relating to Plaintiff's claim.

Additionally, I note that the ALJ's RFC assessment implicates the Fourth Circuit's recent opinion in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019). In *Thomas,* the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because the lack of clarity frustrated appellate review. *Id.* at 312-13. In Plaintiff's case, the RFC assessment contains a limitation to "no fast pace or strict production requirements," with no further definition of those terms. Tr. 2690. The term "strict production requirements" is directly analogous to the term deemed problematic in *Thomas,* and, as this Court has previously noted, "Different individuals can have different conceptions of what work is or is not 'fast.'" *Crocetti v. Comm'r. Soc. Sec.*, Civil No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697, at *3 (D. Md. June 6, 2018). On remand, then, the ALJ should ensure that the RFC assessment and related analysis comports with *Thomas*.

---

[1] Additional RFC information, totaling 28 pages, from the reconsideration of File #2 was not incorporated into File #1 at any point, but was attached to the Commissioner's motion in this case. *See* ECF 15-2. Although the existence of those records further highlights the incomplete nature of the transcript considered by the ALJ, the contents of those reconsideration RFC assessments do not differ materially from the opinions of Dr. Hakkarinen and Dr. Dinwoodie. *Id.*

Finally, Plaintiff argues that the ALJ assigned inadequate weight to opinions by her treating mental health sources. ECF 12-1 at 14-18. The two opinions in question were rendered (1) by a treating psychiatrist, Dr. Alan Peck, jointly with a treating psychotherapist from his practice, Lillian Sheehan, LCPC, Tr. 2663-67, and (2) another treating psychotherapist, Ricka Pierce, LCSW-C, Tr. 2998-3001. Both of the opinions contained extremely drastic limitations. For example, as the ALJ noted, Ms. Sheehan and Dr. Peck found "poor to no ability to perform in almost every category," and Ms. Pierce found "fair to no ability to function in all categories of mental functioning." Tr. 2699.

The ALJ assigned either "little" or "no" weight to the two opinions for several reasons, but primarily because the severe impairments described therein were not substantiated by Plaintiff's medical records. *Id.* The ALJ cited to specific exhibits and mental health records reflecting a much greater ability to function than that described in the two medical opinions. *Id.* After a review of Plaintiff's records, I find the ALJ's assignments of weight to be supported by substantial evidence. While this is a case in which Plaintiff can cite to isolated pieces of evidence that might support a contrary conclusion, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, given the extraordinarily severe limitations described by the treating sources, the ALJ quite correctly noted the ample evidence suggesting that Plaintiff retained greater capacities. Accordingly, the assignments of weight to the medical opinions do not justify remand, although the ALJ is free to address those assignments differently, if appropriate, when the case is reheard.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge